IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER PETERMAN, | ) | Case No. 1:24-cv-191 |
| Petitioner | ) ) | |
| | ) | SUSAN PARADISE BAXTER |
| v. | ) ) | United States District Judge |
| | ) | RICHARD A. LANZILLO |
| RANDY IRWIN, *Superintendent at SCI-Forest*, and PENNSYLVANIA PAROLE BOARD, | ) ) ) | Chief United States Magistrate Judge |
| | ) | REPORT AND RECOMMENDATION |
| | ) | ON AMENDED PETITION FOR |
| Respondents | ) | WRIT OF HABEAS CORPUS (ECF |
| | ) ) | NO. 24) |

REPORT AND RECOMMENDATION

I.      Recommendation

It is respectfully recommended that the Amended Petition for Writ of Habeas Corpus filed by Petitioner Christopher Peterman pursuant to 28 U.S.C. § 2254, ECF No. 24, be denied. It is further recommended that no certificate of appealability issue.

II.     Report

A.      Procedural History

Petitioner commenced this litigation on July 2, 2024, when he mailed his original petition.[1] ECF No. 1 at 16. Petitioner is serving a sentence of nine to 18 years' incarceration imposed on March 19, 2015, by the Court of Common Pleas of Westmoreland County at Docket Number CP-65-CR-0000600-2013, following his convictions for aggravated assault, conspiracy, and endangering the welfare of

---

[1] At that time, Petitioner was incarcerated at the State Correctional Institution at Forest; he is currently incarcerated at the State Correctional Institution at Fayette.

children. His minimum sentence date was January 28, 2022. The Parole Board denied Petitioner parole on October 4, 2021, January 20, 2023, May 14, 2024, and May 22, 2025.

The pending Amended Petition was filed on October 29, 2025. ECF No. 24. Therein, Petitioner asserts that the Parole Board's May 22, 2025, decision to deny him parole violated his constitutional right to due process. Respondents filed an Answer on the same day. ECF No. 25.

The petition is ripe for review.

B.    Jurisdiction

Under 28 U.S.C. § 2254, a federal court may grant a state prisoner a writ of habeas corpus "on the ground that he or she is in custody in violation of the Constitution…of the United States." 28 U.S.C. § 2254(a).  It is Petitioner's burden to prove that he is entitled to the writ.  *See, e.g.*, *Vickers v. Superintendent Graterford SCI*, 858 F.3d 841, 848-49 (3d Cir. 2017).

C.    Analysis

1.    Exhaustion

Respondents argues that Petitioner's claim must be dismissed for failure to exhaust his state court remedies.  ECF No. 25 at 4-8.  State prisoners typically must "exhaust their claims in state court before seeking relief in federal courts." *Slutzker v. Johnson*, 393 F.3d 373, 379 (3d Cir. 2004) (citing 28 U.S.C § 2254(b)(1)(A)).  In 2005, in *Defoy v. McCullough*, 393 F.3d 439 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that, aside from litigating an *ex post facto* claim,

Pennsylvania law does not provide a mechanism by which a prisoner can challenge a parole denial. *Id.* at 445. Therefore, it held, a Pennsylvania prisoner who is challenging the denial of parole is exempt from the exhaustion requirement that applies to other constitutional claims. *Id.* Apparently relying on *Defoy*, Petitioner asserts that exhaustion is not required for a substantive due process challenge to the denial of parole because no state remedies are available. ECF No. 24 at 3, 4.

The continuing validity of *Defoy* has been called into question. *See, e.g., Begandy v. Pennsylvania Bd. of Prob. & Parole*, 2021 WL 1986415, at *4 (W.D. Pa. May 18, 2021); *Bradley v. Wingard*, 2017 WL 11476608, at *1 (W.D. Pa. Oct. 12, 2017), *report and recommendation adopted*, 2018 WL 10150909 (W.D. Pa. Sept. 5, 2018). But the Court need not consider in this case whether *Defoy* is still good law because Petitioner's claim has no merit and because it is more efficient for the Court to deny it on that basis. *See Roman v. DiGuglielmo*, 675 F.3d 204, 209 (3d Cir. 2012) (holding that a federal court "may bypass the exhaustion issue altogether should [it] decide that the petitioner's habeas claim fails on the merits"); *Taylor v. Horn*, 504 F.3d 416, 427 (3d Cir. 2007) ("Here, because we will deny all of [petitioner's] claims on the merits, we need not address exhaustion."); *Lee v. Pennsylvania Bd. of Prob. & Parole*, 2019 WL 5191968, at *2 (W.D. Pa. Oct. 15, 2019); *see also* 28 U.S.C § 2254(b)(2).

    2.    Merits

Petitioner argues that his substantive due process rights were violated by the Parole Board's most recent denial of parole.[2] The Fourteenth Amendment provides

---

[2] Petitioner correctly advances his substantive due process rights rather than his procedural due process rights. There is "no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid

that the State may not "deprive any person of life, liberty, or property without due process of law."  U.S. Const. amend. XIV.  While a convicted person has "no constitutional or inherent right . . . to be conditionally released before the expiration of a valid sentence," *see Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979), the Court of Appeals for the Third Circuit has acknowledged that prisoners have a liberty interest flowing directly from the due process clause "in not being denied parole for arbitrary or constitutionally impermissible reasons." *Block v. Potter*, 631 F.2d 233, 236 (3d Cir. 1980). *See also Newman v. Beard*, 617 F.3d 775, 782 (3d Cir. 2010).  In other words, while there is no constitutional right to parole, a state, once it does enact a parole statute, cannot exercise its authority under that statute "in an arbitrary or capricious, or constitutionally impermissible manner." *Block*, 631 F.2d at 236.

The scope of judicial review of a parole denial is "necessarily quite limited." *Diehl-Armstrong v. Pa. Bd. of Prob. & Parole*, 2014 WL 1871509, at *5 (M.D. Pa. May 7, 2014).  *See also Coady v. Vaughn*, 251 F.3d 480, 487 (3d Cir. 2001) ("[F]ederal courts are not authorized to second-guess parole boards and the requirements of substantive due process are met if there is some basis for the challenged decision.") (emphasis added); *Shoop v. Pennsylvania Board of Parole*, 2025 WL 2178422, at *6 (M.D. Pa. July 31, 2025) ("The Parole Board has vast discretion to refuse or deny parole.") (citing 61 Pa.C.S. § 6137(a)(1)).  Under substantive due process, as the term has been

---

sentence." *Greenholtz v. Inmates of Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Thus, absent a liberty interest in parole, a state's decision to deny parole does not implicate procedural due process protections. *See*, *e.g*., *Burkett v. Love*, 89 F.3d 135, 139 (3d Cir. 1996) (recognizing general principle that Pennsylvania's parole statute does not create a liberty interest in the right to be paroled)

construed by the courts, a state may not deny parole on constitutionally impermissible grounds or base a parole decision on factors bearing no rational relationship to the interests of the Commonwealth. *Block*, 631 F.2d at 237. This generally requires a habeas petitioner to demonstrate that: "(1) they were arbitrarily denied parole due to impermissible reasons such as race, religion, or political beliefs, and/or (2) the Parole Board failed to apply appropriate, rational criteria in reaching its determination to deny parole." *Shoop*, 2025 WL 2178422, at *6 (citing *Block*, 631 F.2d at 236).

The Third Circuit has stressed that a substantive due process claim based upon alleged arbitrary and capricious action is not easily mounted. *Hunterson v. DiSabato*, 308 F.3d 236, 246-47 (3d Cir. 2002). This is because the relevant level of arbitrariness required to establish a substantive due process violation "involves not merely action that is unreasonable." *Id*. at 247. Rather, our Court of Appeals has made clear that "only the most egregious conduct" – such as conduct that is "conscience shocking" or "deliberately indifferent" – will be considered arbitrary in the constitutional sense. *Id*. at 247-48. *See also Newman*, 617 F.3d at 782 ("Conduct can violate substantive due process if it shocks the conscience, which encompasses only the most egregious official conduct.") (internal quotations and citations omitted).

Applying these principles to the instant case, the Parole Board informed Petitioner that his parole was denied for the following reasons:

> Your institutional behavior, including reported misconducts.
> Your minimization/denial of the nature and circumstances of the offense(s) committed.
> Your lack of remorse for the offense(s) committed.

The negative recommendation made by the prosecuting attorney.
The nature of your crime.
Your prior criminal history.

ECF No. 25-6 at 1. These factors largely mirror those that the Parole Board is

statutorily required to consider under Pa.C.S. § 6135 including:

(1) The nature and circumstances of the offense committed.
(2) Any recommendations made by the trial judge and prosecuting attorney.
(3) The general character and background of the inmate.
(4) Participation by an inmate sentenced after February 19, 1999, and who is serving a sentence for a crime of violence as defined in 42 Pa. C.S. § 9714(g) (relating to sentences for second and subsequent offenses) in a victim impact education program offered by the Department of Corrections.
(5) The written or personal statement of the testimony of the victim or the victim's family submitted under section 6140 (relating to victim statements, testimony and participation in hearing).
(6) The notes of testimony of the sentencing hearing, if any, together with such additional information regarding the nature and circumstances of the offense committed for which sentence was imposed as may be available.
(7) The conduct of the person while in prison and his physical, mental and behavioral condition and history, his history of family violence and his complete criminal record.

See 61 Pa.C.S. §6135(a)(1)-(7). In reaching its decision, the Board relied on an

interview that it conducted with Petitioner, a review of his file, and consideration of

all matters required under the parole statute. Id.

Petitioner does not dispute the relevancy and legitimacy of these factors or

argue that they bear no rational relationship to the interests of the Commonwealth.

Nor does he direct the Court to any factor relied upon by the Board that was

constitutionally impermissible or "conscience shocking." Instead, he asks the Court

to second-guess the Board in its analysis, claiming that he is "a model prisoner and a

prime candidate for parole." ECF No. 19 at 3. As set forth above, "federal courts, on

6

habeas review, are not to 'second-guess parole boards,' and 'the requirements of substantive due process are met if there is some basis for the challenged decision." *Hunterson*, 308 F.3d at 246 (quoting *Coady*, 251 F.3d at 487). Because the Parole Board advanced multiple legitimate bases for its denial, and because Petitioner has not pointed to any impermissible factor the Parole Board relied upon, his disagreement with that decision does not offend substantive due process or entitle him to habeas relief. *Shoop*, 2025 WL 2178422, at *9 (denying habeas relief where Parole Board provided "'some basis' for its decision insofar as it provided eight (8) minimally detailed reasons for denying parole, none of which were based on impermissible factors"). His petition should be denied.

D.   Certificate of Appealability

AEDPA codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. It provides that "[a] certificate of appealability may issue…only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Applying that standard here, jurists of reason would not find it debatable

7

whether Petitioner's claim should be denied. Thus, a certificate of appealability should be denied with respect to his claim.

III.    Notice

In accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72, the parties may seek review by the district court by filing Objections to the Report and Recommendation within fourteen (14) days of the filing of this Report and Recommendation. Any party opposing the objections shall have fourteen (14) days from the date of service of Objections to respond thereto. *See* Fed. R. Civ. P. 72(b)(2). Failure to file timely objections may constitute a waiver of appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 194 n.7 (3d Cir. 2011); *Nara v. Frank*, 488 F.3d 187 (3d Cir. 2007).

Dated this 3rd day of March, 2026.

SUBMITTED BY:

RICHARD A. LANZILLO
Chief United States Magistrate Judge